MODERN WOODMEN OF AMERICA, a Corporation, Plaintiff, v. OTTILIE CUMMINS (Respondent), ETHEL STOUDENIMIRE, EDITH CUMMINS, JOHN E. CUMMINS, EDWIN CUMMINS SHAW, a minor, THELMA M. ROBERTSON, a minor, RUTH V. ROBERTSON, a minor, and C. J. ANDERSON (Appellant), Defendants.*

St. Louis Court of Appeals.   Opinion Filed December 2, 1924.

1. **ATTORNEY'S LIEN**: Interpleader: Proceeds of Insurance Policy Deposited in Court by Insurer: Attorney's Lien Does not Attach to Fund.  In an action brought to require defendants to interplead for the proceeds of a life insurance policy, where defendant, attorney, claimed a retaining lien on the policy in his possession for a certain amount for services rendered defendant beneficiary, and that by reason thereof, the court should enforce such lien by ordering the amount of his reasonable charges paid to him out of the proceeds of the policy deposited in court, *held* that even though he had such lien, it availed him nothing in this action, for such lien is passive in its nature and may not be actively enforced, being merely a passive right to hold the policy, the piece of paper constituting the instrument, until the claim for services be paid, and confers no right to the fund represented by the policy.

2. **EQUITY**: Interpleader: Fund Deposited in Court: Attorney's Lien: Denied: Equity Powers Exhausted: Adjudicating Legal Issue: Not Permissible.  Where an insurance company deposited the proceeds of an insurance policy in court, requiring adverse claimants to interplead, including beneficiary's attorney, and he answered claiming a lien on the policy for certain services rendered beneficiary as her attorney, and the court adjudged that the attorney had no lien on the fund and no interest in it, and adjudged that the beneficiary was entitled to the fund and ordered it paid over to her; the court thus exhausted its power and jurisdiction over the cause before it as a court of equity, and having determined that the attorney was not entitled to any equitable relief, the chancellor could not thereupon proceed to adjudicate a purely legal issue and give a personal judgment in his favor.

*(1) Attorney & Client, 6 C. J., sections 363, 426; (2) Interpleader, 33 C. J., section 63.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Charles B. Davis,* Judge.

AFFIRMED.

*C. J. Anderson* (appellant), *Pro Se.*

*H. A. Loevy* of Counsel.

(1) The only questions involved here are the issues joined by the pleading on the part of the appellant and respondent herein, all other questions having been disposed of by the decree of the trial court. (2) These issues are made up by the interplea of appellant and the general denial filed thereto by respondent. (3) The respondent consented to the jurisdiction of the court by answering. (4) The undisputed evidence in this case shows respondent to be indebted to appellant for a balance of $700 and the finding of the court should have been in his favor for said amount. Dempsey v. Dorrance, 151 Mo. App. 429. (5) Even if this court should find that appellant has no common law lien against the fund found by the court to be payable to the respondent herein; yet, this is a suit in equity, and the court having acquired jurisdiction thereof will dispose of all questions involved and will do complete justice even though required to adjudicate matters of law. Waddell v. Frazer, 245 Mo. 391; Patter v. Whitten, 161 Mo. App. 118; School Dist. No. 1 v. Holt, 226 Mo. 406. (6) The finding and decree of the trial court, with reference to the interplea of appellant herein should be reversed with directions to enter a decree in favor of appellant. Section 1514, R. S. 1919; Rice v. Shipley, 159 Mo. 399; State ex rel. v. Walbridge, 153 Mo. 195.

*Fred Wislizenus* for respondent Ottilie Cummins.

(1) Appellant had no lien on the interest of respondent on the fund in court. (a) The fund came to

respondent from a fraternal benevolent society and as such could not be subjected to a lien. Revised Statutes 1919, sec. 6419. (b) In Missouri attorneys have no common-law lien on the litigation or its proceeds. Frissell v. Haile, 18 Mo. 18; Alexander v. Railroad, 54 Mo. App. 73; Kersey v. O'Day, 173 Mo. 560. (c) The statutory lien of an attorney does not attach before litigation is initiated, and appellant in this case had not acted for respondent in any court proceeding. Revised Statutes 1919, sec. 690. (2) Appellant's contention that he is entitled to a personal judgment against respondent was never made in the court below and is presented for the first time by his brief in this court. This court will not consider the question. Revised Statutes 1919, sec. 1512. (3) (a) When in the interpleader suit it is determined that one claimant has no right to the fund the court has no jurisdiction to render a personal judgment in his favor against another claimant to the fund. Much less can the court subject the interest of one claimant to the claims of another who is adjudicated to have no lien on the funds in the interpleader suit. Dyas v. Dyas, 231 Ill. 367. (b) When a claimant sues in equity to enforce an equitable right he cannot take a judgment at law in that case when it is decided that he has no equity. 16 Cyc. 111, Art. "Equity"; Loeb v. Supreme Lodge, 198 N. Y. 180; Mansfield v. Bank, 74 Mo. App. 200; Miller v. Railroad, 162 Mo. 424.

SUTTON, C.—Plaintiff brought this action to require the defendants to interplead for the proceeds of a life insurance policy. The policy was issued by plaintiff to William M. Cummins in the sum of three thousand dollars, payable at the death of said Cummins, to his wife, Ottilie Cummins, as beneficiary. Plaintiff's petition was founded upon adverse and conflicting claims made by the defendants for the amount due under the policy. Defendant Anderson answered, claiming a lien on the policy to the amount of seven hundred dollars for services rendered defendant Ottilie Cummins as her at-

torney. Defendant Ottilie Cummins answered, alleging that she was the beneficiary named in the policy at the time of the death of the insured and as such entitled to the proceeds of the policy, and denying that any of the other defendants had any right, title, or interest therein. Each of the other defendants filed an answer, claiming all or a part of the proceeds of the policy. The plaintiff paid into court the sum of three thousand dollars, the amount due under the policy, and was thereupon by the court discharged.

The cause was then tried before the court on the issues joined between the defendants by their pleadings aforesaid. The court gave judgment in favor of the defendant Ottilie Cummins and against all of the other defendants, and ordered the said fund of three thousand dollars to be paid to the said Ottilie Cummins. From this judgment the defendant C. J. Anderson appeals.

Appellant C. J. Anderson testified that the policy in question came to his possession as attorney for the respondent Ottilie Cummins; that he rendered services for her in an effort to procure an adjustment and settlement of the amount due under the policy; that the services so rendered were of the reasonable value of $650; that he also rendered services for her in adjusting a damage claim against the United Railways Company for the death of her husband; that the services so rendered were of the value of $100; that he had been paid on account of said services $50; that the balance of $700 remained unpaid; that he prepared proofs of loss as required by the policy and also prepared a petition with a view to filing suit for the amount due under the policy; that before the suit was filed respondent discharged him as her attorney and demanded that he deliver to her the policy; that he refused to deliver the policy to her, and retained it in his possession at the time of the trial.

Appellant insists that he has a lien on the policy and on the fund deposited in court as the proceeds of the policy for the amount due him for his services rendered respondent as her attorney. He concedes, as he must,

that no lien exists in his favor under the statute. [Sections 690 and 691, Revised Statutes 1919.] He insists, however, that he is entitled to a lien at common law. Two classes of attorneys' liens obtained at common law, viz., (1) a special or charging lien on the judgment procured by the attorney in favor of his client, for his services rendered in procuring it, and (2) a general, possessory, or retaining lien, attaching to papers, books, documents, securities, and money, coming to the attorney in the course of his professional employment. That the appellant has no special or charging lien is beyond controversy. [Frissell v. Haile, 18 Mo. 18, l. c. 20; Alexander v. Grand Avenue Ry. Co., 54 Mo. App. 66, l. c. 73; Kersey v. O'Day, 173 Mo. 560, l. c. 568, 73 S. W. 481; Roberts v. Nelson, 22 Mo. App. 28, l. c. 31; Wait v. Atchison, Topeka & Santa Fe Ry. Co., 204 Mo. 491, l. c. 501, 103 S. W. 60; 6 Corpus Juris 766; 1 Jones on Liens, Sec. 153; 2 Ruling Case Law 1069.] But appellant contends that he has a retaining lien on the policy for the reasonable value of his services, and that the court should therefore enforce such lien by ordering the amount of his reasonable charges paid to him out of the proceeds of the policy deposited in court. Assuming, without deciding, that appellant has a retaining lien on the policy for his services, still it avails him nothing in this action, for such lien is passive in its nature and may not be actively enforced. Such lien on the policy, if it exists, is merely a passive right to hold the policy, the piece of paper constituting the instrument, until the claim for services be paid. It confers no right to the fund represented by the policy. [6 Corpus Juris 803; 2 Ruling Case Law 1068; 1 Jones on Liens, sec. 117.]

Appellant seems to predicate a right to a lien on the fund upon what was said by our Supreme Court in Wait v. Atchison, Topeka & Santa Fe Ry. Co., 204 Mo. 491, l. c. 502, to-wit: "Where the circumstances are such that the law (possibly) affords no adequate remedy, then an attorney's lien may be established in equity against a resulting fund (the fruitage of the litigation)

which may be within reach." The court had under dis-
cussion in that case the statutory lien. The language
quoted did not concern the existence of the lien, but mere-
ly the procedure for its enforcement.

Appellant also relies upon Schubert v. Herzberg, 65
Mo. App. 578. The facts disclosed in that case show that
the attorneys for Herzberg prosecuted a suit for him,
and procured a judgment therein, under an agreement
entered into when the suit was commenced, that they
should have for their services a percentage of the judg-
ment recovered. The court treated the contract as an
equitable assignment *pro tanto* of the judgment as against
an attaching creditor. In this case there was no such
contract shown. The distinction is obvious.

The appellant further contends that, though he has
no lien on the fund deposited in court or other interest
therein, the court should nevertheless have given a per-
sonal judgment in his favor against the respondent for
the amount shown to be due him for his attorney fees.
In support of this contention appellant invokes the fa-
miliar rule that, when a court of equity has acquired
jurisdiction of a cause for one purpose, it will proceed
to do complete justice between the parties and determine
all matters in issue even if this involves the adjudication
of an issue which would otherwise be cognizable at law
only, or, as otherwise stated, when a court of equity once
acquires jurisdiction of a cause, it will not release its
grasp upon the *res* until it shall have avoided a multi-
plicity of suits by doing full, adequate, and complete jus-
tice between the parties. The *res* involved in this case
is the fund deposited in court for the contentions of the
rival claimants. The controversy concerns this fund.
The rival claimants were brought into court that their
respective claims to the fund might be litigated and
determined. The respondent claimed the entire fund be-
cause she as beneficiary in the policy was entitled to re-
ceive it. The appellant claimed a lien on the fund to the
amount of seven hundred dollars for his services as re-
spondent's attorney, and sought to have payment there-

of made to him out of the fund. The court adjudged that the appellant had no lien on the fund and no interest in it, and adjudged the respondent entitled to the entire fund and ordered it paid over to her. The court thus exhausted its power and jurisdiction over the cause before it as a court of equity. The chancellor, having determined that the appellant was not entitled to any equitable relief, could not thereupon proceed to adjudicate a purely legal issue and give a personal judgment in his favor. A litigant may not by merely asserting an unfounded claim or right throw a cause into equity, and, when it turns out upon the trial that he is not entitled to any equitable relief, insist that the chancellor grant him the legal relief the evidence shows him entitled to, and thus deprive the adverse party of the right to have such legal issue tried by a jury. [Miller v. St. Louis & Kansas City Ry. Co., 162 Mo. 424, l. c. 433, 63 S. W. 85; Dyas v. Dyas, 231 Ill. 367; Loeb v. Supreme Lodge, 198 N. Y. 180; 16 Cyc. 111; Fowles v. Bentley, 135 Mo. App. 417, l. c. 436, 115 S. W. 1090.]

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.

## ON MOTION FOR REHEARING.

SUTTON, C.—The appellant on motion for a rehearing complains that we have overlooked a number of authorities which hold that, where an attorney having a retaining lien on a document in his possession belonging to his client is sued by his client for the possession of the document or is brought into court in any proceeding to compel delivery of the document to his client, the court will refuse to grant a judgment for possession or delivery except upon condition that the client pay what is due the attorney as attorney fees. We did not over-

look these authorities. They were simply regarded as not in point. The retaining lien on a document is purely a possessory right; it confers no lien on the fund or cause of action represented or created by the document. The suit here is in no sense an action or proceeding for the possession of the policy or to compel the delivery thereof to respondent. The right to the possession of the policy is not involved in the case and is in no way affected by the judgment of the court below. It is true the appellant was brought into court willy nilly. So, too, was the respondent. But they were not brought in to litigate their respective rights to the possession of the policy but to litigate their rights to the fund deposited in court. Respondent's pleading did not ask for possession of the policy, nor for an order of delivery, nor was any order or judgment given requiring the delivery of the policy either into court or to the respondent. We cannot yield assent to the proposition insisted upon by the appellant that his retaining lien, if he has one, on the respondent's policy may be converted into a lien on the fund or cause of action represented or created by the policy, by the action of the underwriter in bringing an interpleader proceeding and depositing the fund in court. If his lien does not enable him in such case to reach the fund it is only because of the frailty of his lien, and of this he cannot complain.

Appellant also cites and relies on cases in other jurisdictions wherein the common law charging lien was invoked and enforced. These cases have no application in this jurisdiction where the common law charging lien is not recognized.

The Commissioner recommends that the appellant's motion for rehearing be overruled.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. Appellant's motion for rehearing is accordingly overruled. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.