**Lillian Beatrice LEE, Plaintiff-Appellant,**

**v.**

**NEW AGE FEDERAL SAVINGS & LOAN ASSOCIATION, a corporation, *Defendant-Respondent.***

No. 32759.

St. Louis Court of Appeals.

Missouri.

Jan. 16, 1968.

Motion for Rehearing or for Transfer to Supreme Court Denied Feb. 20, 1968.

————◆————

Eugene H. Buder, St. Louis, for plaintiff-appellant.

Clarence E. English, St. Louis, for defendant-respondent.

MICHAEL F. GODFREY, Special Judge.

Appellant instituted this equitable action against respondent and one Marie Whelan alleging wrongful foreclosure of a deed of trust held on appellant's real property located in the City of St. Louis, Missouri. Appellant seeks to set aside the foreclosure sale and the deed executed pursuant thereto, reinstatement of note and deed of trust with respondent, and by amended petition additionally sought damages. As will appear later Marie Whelan, the purchaser at said sale, was dismissed from the lawsuit.

Plaintiff executed a promissory note and deed of trust to defendant on the above property by the terms of which plaintiff promised to make monthly payments to defendant until the note was paid. Plaintiff made these payments regularly through October, 1961, when difficulty arose regarding a certain payment. Various letters were interchanged between the parties wherein these difficulties were attempted to be resolved; however, on November 28, 1961, respondent began foreclosure proceedings by running statutory newspaper advertisement. Communication between the parties continued thereafter during which time appellant was directed to contact respondent's executive vice-president to determine the amount of the advertising costs accrued. She was never able to reach him, though she states she attempted to do so repeatedly. She also states that she stood ready and financially able to pay off the delinquent amount, nonetheless on December 26, 1961, the foreclosure sale took place and Marie Whelan purchased the said property. Thereafter Marie Whelan and her mortgagee commenced an action of unlawful detainer against appellant in the Magistrate Court of the City of St. Louis seeking to evict her from the property in question. A stipulation and settlement was effected on May 21, 1962, by the terms of which the plaintiffs in the unlawful detainer action dismissed their lawsuit against appellant; appellant dismissed Marie Whelan from the present lawsuit; Marie Whelan by deed conveyed to appellant the property in question for which plaintiff paid Marie Whelan and her mortgagee a certain sum of money; and Harry Shank and Shank Investment Company sold to appellant's attorney the deed of trust on the property.

On May 23, 1966, this case was tried on the original petition filed, however, because of the above events which had occurred aftter filing the original petition, an amended petition was filed on June 2, 1966, which purported to conform the pleading to the evidence received on the trial on May 23, 1966. In addition to setting forth many allegations contained in the original petition this amended petition averred the above settlement agreement and further prayed for damages as well as seeking the same equitable relief.

The trial court found in favor of defendant and dismissed appellant's Bill of Complaint at her costs on the ground that she has an adequate remedy at law.

Since appellant in this court has abandoned all claim to equitable relief, the determinative issue presented on this appeal is whether the trial court erred in not awarding damages to appellant for the alleged wrongful foreclosure and in rendering judgment for respondent.

The appellant urges that since the existing facts at the time that the original petition

was filed invoked equitable principles and the petition filed sought equitable relief, the court thereby acquired equitable jurisdiction for all purposes and should have afforded her complete relief by way of awarding money damages. In her brief appellant has cited several cases to this purport which will be discussed later.

In reaching a decision herein it is important to understand the sequence of events which took place and to consider the evidence produced on the trial. After appellant filed her petition seeking equitable relief and before the trial hearing she entered into a settlement agreement with Marie Whelan, one of the parties to the lawsuit, the result of which was to invest appellant with the legal title to said property. As a further provision of this settlement agreement, appellant's attorney purchased the deed of trust on the property, leaving appellant responsible to him for making payments under the mortgage. Thus, when the case came on for trial, the appellant was then the titleowner of said property which was subject to a mortgage held by a holder acceptable to and satisfactory with her. These facts appear in her testimony in the transcript on Page 37 in the language following:

"Q You live in this property at the present time?

"A Yes.

"Q You are the record owner of the property, is that correct?

"A Yes, sir."

And on Page 42 thereof:

"Q Would you rather have someone else have the mortgage rather than the person who has got it now and you pay them?

"A I don't know; it's all right with me. If he thinks it is best—

"Q (Interrupting) I am trying to get your thoughts, now, not your lawyer's thoughts about it.

"A I much rather have the lawyer have it than the New Federal Age have it.

"THE COURT: You would rather have the present mortgage holder than the New Age?

"THE WITNESS: Yes, I would."

And on Page 44 thereof:

"Q So that prior to that time, and at this time, didn't you agree that we should try to put this mortgage back with the New Age?

"A Yes, but he asked me would I rather —to tell you the truth, I would much rather you did."

It thus appears that by the time the case was tried appellant no longer was an aggrieved party so far as the equitable portion of her lawsuit was concerned, and that by trial time her only complaint was that because of this whole transaction, i. e., alleged wrongful foreclosure, she had to expend money in order to achieve her present status. Her evidence not only negated her desire for equitable relief but evinced a satisfaction with her present position leaving a request for legal relief only.

In order for legal relief to be afforded in such a situation, a predicate of entitlement to equitable relief must be not only pleaded but established. The general rule is stated in 30 C.J.S. Equity § 67, to the effect that before disposition of all matter in controversy can be applied, some ground of equitable jurisdiction must first be asserted and established. This same general principle finds expression in §§ 72 and 73 of 30 C.J.S. Equity and was applied in Krummenacher et al. v. Western Auto Supply Company, Mo.App., 206 S.W.2d 991, l.c. 993, where the court said:

"It is the general rule that where equity has once become possessed of a cause it will retain it for the purpose of administering full and complete relief; however, such rule does not and cannot apply where

the facts relied upon to sustain the jurisdiction of equity have failed of establishment. (citing cases) In the recent case of Shay v. New York Life Ins. Co., 354 Mo. 920, 192 S.W.2d 421, our Supreme Court held that where plaintiff fails to prove facts to sustain equity jurisdiction the equity court may not retain the cause and award full and complete relief or determine rights at law. * * *"

This proposition of law has been affirmed in many following cases, notably Sebree v. Rosen, Mo., 349 S.W.2d 865; Reutner v. Vouga, Mo.App., 367 S.W.2d 34; Sapp v. N. R. Garrett City Quarry, Mo.App., 284 S.W.2d 49.

 On the evidence presented in the trial court, appellant not only failed to show wherein she was entitled to equitable relief, but categorically disclaimed any desire or prayer for equitable relief. She seeks however, to avoid the impact of foregoing principle by urging that at the time her petition was filed the facts then existing and the evidence concerning them adduced on the trial entitled her to the relief sought. Her position seems to be that since the petition alleged grounds sufficient for equitable relief, and the evidence produced on the trial showed the said foreclosure to be wrongful, she therefore had met all the requirements necessary to evoke the complete jurisdiction of the equity court both in pleading and in proof. The difficulty with this position is that on the one hand appellant has presented issues cognizable in equity while on the other presenting facts completely resolving them, leaving nothing for the equitable jurisdiction of the court to operate on save the legal question of damages. She, in effect, would advance certain portions of her testimony regarding the alleged wrongful foreclosure to obtain the relief sought while at the same time disavowing other portions thereof exhibiting resolution of all equitable claims in the case. This she may not do. See Vaccaro v. Moss, Mo.App., 410 S.W.2d 329; Borrini v. Pevely Dairy Co., Mo.App., 183 S.W.2d 839.

In order for the court to award purely legal remedies such must be ancillary to the granting of some substantial equitable relief. 30 C.J.S. Equity § 73. In Yellow Mfg. Acceptance Corp. v. American Taxicabs, 344 Mo. 1200, 130 S.W.2d 601, at page 610, then Commissioner Hyde said:

> "The court also had discretion to dismiss plaintiff's claim for a judgment for the deficiency on the chattel mortgage debt, because this was a claim at law put into plaintiff's petition in equity by amendment during trial (and not even made a separate count of that petition) and because the court found that no grounds existed for the exercise of its equitable jurisdiction. * * *"

To the same tenor is the case of Modern Woodmen of America v. Cummins, 216 Mo. App. 404, 268 S.W. 383, where at page 385 this court speaking through Commissioner Sutton said:

> " * * * The court adjudged that the appellant had no lien on the fund and no interest in it, and adjudged the respondent entitled to the entire fund and ordered it paid over to her. The court thus exhausted its power and jurisdiction over the cause before it as a court of equity. The chancellor, having determined that the appellant was not entitled to any equitable relief, could not thereupon proceed to adjudicate a purely legal issue and give a personal judgment in his favor. * * *"

In this context we perceive no valid distinction between a case wherein plaintiff has failed to show herself entitled to relief and one where plaintiff has shown any relief to which she might have been entitled has been resolved prior to trial. In either event there remains nothing upon which the equitable jurisdiction of the court may operate. By the time of trial and under the evidence produced on the trial appellant presented no ground for equitable relief, and whatever legal remedy, if any, she might have been entitled to was not sought until

some time elapsed after the hearing on the merits of the case by amended petition.

To sustain her position appellant relies on the case of Supreme Lodge, K. P. v. Dalzell, 205 Mo.App. 207, 223 S.W. 786, wherein it appeared that plaintiff, a fraternal order, brought suit in equity against Dalzell, a secretary of plaintiff order, and Grand Avenue Bank, claiming that Dalzell collected premiums which belonged to plaintiff and deposited them in his individual account in defendant bank. Plaintiff sought to enjoin the defendants in disposing of the premium trust assets and sought a personal judgment against Dalzell, and asked the court to restrain Dalzell, who though notified of his discharge was threatening and attempting to collect further premiums from persons insured by plaintiff. During pendency of the lawsuit a stipulation was entered into where it was provided that the sum of money held by defendant bank should be paid to the Clerk of the Court to be held by him to abide the final determination of the lawsuit; that Dalzell should execute a bond as security for payment to plaintiff of a further sum should it be determined that plaintiff was entitled thereto and further that the money held by the Clerk and that secured by the bond should be made to apply to any judgment plaintiff might obtain against Dalzell. Thereafter defendant bank was dismissed from the lawsuit. Dalzell filed a counterclaim and the trial resulted in a judgment for plaintiff and denial of relief to Dalzell on his counterclaim. Dalzell's appeal assigned as error failure of the court to provide him a jury trial since, according to his position, only legal issues remained to be tried. The court there held that the contention was without merit, if for no other reason than that equity having acquired jurisdiction of a cause will retain it to do full and complete justice. The distinction between that case and the instant case is apparent. In Dalzell, though the remedy was secured by deposit of assets in the Clerk's hands and by a bond to await the outcome of the cause by virtue of the stipu-lation, the substantive features of the lawsuit remained intact and litigable. The case retained its equitable complexion and the stipulation affected nothing save the remedy or the enforceability of the court's judgment. The equitable relationship of the parties in the case was not affected thereby and any relief to which the parties were entitled in equity was not depreciated by the stipulation. In the instant case, the equitable features of the lawsuit had totally ceased to exist both in substance and in fact, leaving only the legal jurisdiction of the court.

The case of Waugh v. Williams, 342 Mo. 903, 119 S.W.2d 223, cited by appellant in her brief involved an action to compel the payment of the balance of the purchase price of a hotel and to enforce a lien against the property for the unpaid portion of the purchase price. The trial court granted relief sought but denied the enforcement of the lien. On appeal the appellant's main assignments were that plaintiff's petition did not state a cause of action in that there was no allegation of tender of deed to him; that plaintiff was estopped to bring the action; that plaintiff was not entitled to specific performance of the contract because of inability to perform his part and lastly that the court altered the contract as to performance which was more onerous to appellant than what was originally called for. Consideration of that case leads us to conclude that the court there exercised its equitable jurisdiction throughout the disposition of the case, withholding only one facet of its equitable jurisdiction, i. e., enforcement of the lien. This case is distinguishable from the case at hand.

█ Appellant asks us to find the foreclosure herein wrongful and to award her damages because of its consequences. Laying aside what we have said above, there are two cogent reasons why we cannot do this. First, since the trial court directed a verdict at the close of appellant's case no evidence was adduced on behalf of respondent pertaining to or bearing on any

defense it might have to appellant's claim, and since it does not appear that appellant is entitled to the relief sought as a matter of law but rather, at best, a fact question would be presented, we could not grant the relief sought without a complete presentation of facts and the development of these issues upon a hearing. Secondly, this question being a legal issue the parties should have the opportunity to present their case to a jury as provided by law. Sapp v. Garrett, Mo.App., 284 S.W.2d 49, 52.

It follows that the action of the trial court in denying appellant relief and in entering judgment in favor of respondent is affirmed.

ANDERSON, P. J., and RUDDY, J., concur.

WOLFE, J., not participating.