**Glen H. ADAMS, Respondent,**

v.

**Helga R. BORING, Appellant.**

**No. 17648.**

Missouri Court of Appeals,
Southern District,
Division One.

March 23, 1992.

Lloyd Koelker, Kansas City, for appellant.

L.R. Magee, Hines & Magee, Kansas City, for respondent.

CROW, Judge.

Plaintiff, Glen H. Adams, sued Defendant, Helga R. Boring, seeking a decree setting aside a deed of release whereby Plaintiff released a deed of trust on a tract of real estate. The deed of trust secured payment of a note made by Defendant, payable to Plaintiff. Plaintiff's petition averred Defendant obtained the deed of release from him by fraud. The petition also sought, among other relief, judgment against Defendant for the amount of the note plus accrued interest.

Defendant demanded a jury trial. The trial court denied the demand, heard the case without a jury, and entered judgment granting Plaintiff the relief sought.

██ Defendant appeals, presenting one point relied on:

The trial court erred in not granting [Defendant's] demand for jury trial, in that the petition was essentially a money lawsuit on a promissory note, involving a major factual issue of whether Defendant defrauded Plaintiff into releasing a debt: the case was a matter of law at heart, not one of equity, and therefore Defendant was entitled to a jury trial.

Defendant begins her argument by directing us to Rule 69.01(a), Missouri Rules of Civil Procedure (1991), which reads:

The right of trial by jury as declared by the Constitution or as given by a statute shall be preserved to the parties inviolate. In particular, any issue as to whether a release, composition or discharge of the plaintiff's original claim was fraudulently or otherwise wrongfully procured shall be tried by jury unless waived.

Defendant, emphasizing the second sentence of the rule, says its plain meaning mandates a jury trial for her. According to Defendant, "It is as if the Rule was written anticipating this appeal."

In V.A.M.R. 69.01 (West 1976), we find a "Committee Note—1959" which reads:

Paragraphs (a) and (b) of this Rule are the same as paragraphs (a) and (b) of Section 98 of the 1943 Code (Section 510.-190, RSMo 1959).

The "Civil Code of Missouri," enacted in 1943 as C.S. for S.B. 34, is found in Laws of Missouri, 1943, pp. 353–97. Section 98 appears on page 384 and reads:

(a) The right of trial by jury as declared by the Constitution or as given by a statute shall be preserved to the parties inviolate. In particular, any issue as to whether a release, composition, or discharge of plaintiff's original claim was fradulently [sic] or otherwise wrongfully procured shall be tried by jury unless waived.

. . . .

As earlier noted, the above legislative enactment is codified as § 510.190.1, RSMo 1959.

In 31 V.A.M.S. p. 123 (West 1952), we find a "Historical Note" following § 510.-190. It states one of the sources of that statute was § 934, RSMo 1939, which reads:

Whenever a release, composition, settlement or other discharge of the cause of action sued on shall be set up or pleaded in the answer in bar to plaintiff's cause of action sued on, it shall be permissible in the reply to allege any facts showing or tending to show that said release, composition, settlement or other discharge was fraudulently or wrongfully procured from plaintiff, and the issue or issues thus raised shall be submitted with all the other issues in the case to the jury, and a general verdict or finding upon all the issues, including the issue or issues of fraud so raised, shall be sufficient.

The Supreme Court of Missouri addressed § 934, RSMo 1939, in *Finley v. Smith*, 352 Mo. 465, 178 S.W.2d 326 (1943). That case was an equitable action involving the enforceability of a release of a personal injury claim. The releasor argued that the releasee had an adequate remedy at law, i.e., the releasee could plead the release as a defense in an action at law brought by the releasor seeking damages for his injuries. 178 S.W.2d at 328. The Supreme Court of Missouri held:

Notwithstanding [§ 934, RSMo 1939], equity has exercised its ancient jurisdiction to set aside releases on account of fraud.... *Roberts v. Central Lead Co.*, 95 Mo.App. 581, 596(4), 69 S.W. 630, 634(4) [ (1902) ]. This, on the theory the statute did not extinguish the jurisdiction of a court of equity in the circumstances, there being no expression of such legislative purpose in the creation of the remedy at law.

178 S.W.2d at 328[1].

In *Roberts v. Central Lead Co.*, 95 Mo. App. 581, 69 S.W. 630 (1902), cited in *Finley*, an injured miner brought a two-count action. The first count sought a decree cancelling a release whereby the miner had released his personal injury claim. The miner averred the release was obtained by fraud. The second count sought damages for the personal injuries. The trial court heard the first count without a jury, found the release was obtained by fraud, and set it aside. 69 S.W. at 632. The second count was tried by jury. On appeal, the releasee contended the petition stated no cause of action for cancellation of the release. The appellate court disagreed, stating:

It is immaterial that plaintiff might have interposed the same facts as a bar to defendant's use of the document as a defense to plaintiff's claim.... That privilege would not exclude plaintiff's right to invoke the ancient jurisdiction of equity to eliminate by cancellation the paper as an impediment to the enjoyment of his rights, its invalidity not appearing on its face.... In this state the practice pursued in this case has been sanctioned from a date as early at least as the decision in *Blair v. Railroad*, 89 Mo. [383], 1 S.W. [350], and is unquestionable law. The enactment of a late statute touching the mode of pleading and practice where such a document is interposed as a defense (Rev.St.1899, § 654) does not abrogate the jurisdiction of equity to cancel such instruments, there being no intent exhibited by the enactment to accomplish such abrogation. The remedial jurisdiction of equity is not destroyed by the passage of a measure creating a statutory remedy at law in like circumstances, in the absence of an expression of legislative purpose to extinguish the ancient jurisdiction.

69 S.W. at 634[4]. *Accord: Anable v. McDonald Land & Mining Co.*, 144 Mo.App. 303, 128 S.W. 38, 41 (1910).

Section 654, RSMo 1899, referred to in the above excerpt, is identical to § 934, RSMo 1939, set forth earlier in this opinion.

It is thus clear that the statutes where Rule 69.01(a) finds its origin have been consistently construed as erecting no barrier to a court of equity cancelling a release fraudulently obtained.

■ In interpreting rules of the Supreme Court of Missouri, we use the canons of construction that guide courts in construing legislative enactments. *State v. Ryan,* 813 S.W.2d 898, 901 (Mo.App.1991); *State ex rel. DeGeere v. Appelquist,* 748 S.W.2d 855, 857[4] (Mo.App.1988); *State v. Windmiller,* 579 S.W.2d 730, 732[1] (Mo. App.1979). In construing a statute, courts presume the General Assembly was aware of the state of the law when the statute was enacted. *Nicolai v. City of St. Louis,* 762 S.W.2d 423, 426[7] (Mo. banc 1988).

Because Rule 69.01(a) is the same as § 510.190.1, and because we presume the Supreme Court of Missouri was aware of the cases construing § 510.190 and its precursors when the Supreme Court promulgated Rule 69.01(a), we conclude the Supreme Court intended the rule to be consistent with the judicial interpretations of the statutes. Had the Supreme Court intended the rule to mean something different, we assume the Supreme Court would have worded it differently than § 510.-190.1.

■ Cancellation of an instrument is perculiarly a matter of equitable cognizance. *Swain v. Maxwell,* 355 Mo. 448, 196 S.W.2d 780, 785[15] (1946); *Spaunhorst v. Spaunhorst,* 650 S.W.2d 650, 654[3] (Mo. App.1983). *See also: Land Clearance for Redevelopment Auth. v. Zitko,* 386 S.W.2d 69, 79[16] (Mo. banc 1964). Although Mo. Const. art. I, § 22(a) (1945), states, "That the right of trial by jury as heretofore enjoyed shall remain inviolate," there is no right to trial by jury in an equity action. *State ex rel. Willman v. Sloan,* 574 S.W.2d 421, 422[1] (Mo. banc 1978); *State ex rel. Duggan v. Kirkwood,* 357 Mo. 325, 208 S.W.2d 257, 262[8] (banc 1948).[1] We therefore reject Defendant's premise that Rule 69.01(a) mandated a jury trial.

Defendant also relies on three cases in support of her claim of error: *Jaycox v.*

*Brune,* 434 S.W.2d 539 (Mo.1968); *Pipes v. Sevier,* 694 S.W.2d 918 (Mo.App.1985); and *Lee v. New Age Federal Savings & Loan Association,* 425 S.W.2d 271 (Mo.App. 1968). None are helpful.

*Jaycox* holds a plaintiff is normally entitled to a jury trial in an action for a money judgment involving factual issues. 434 S.W.2d at 542[4]. However, *Jaycox* goes on to hold that once equity jurisdiction attaches, full and complete adjustment of the rights of all parties will be properly made in the suit. *Id.* at 542–43[5]. This may include an award of money damages if such relief is necessary in order to do equity. *Willman,* 574 S.W.2d at 422[2].

*Pipes* holds a suit to try title to real estate may be an action at law or in equity, according to the issues formulated by the pleadings. 694 S.W.2d at 923[1]. However, *Pipes* goes on to hold that where cancellation of deeds to dispel a cloud on title is integral to the relief the pleadings seek, the petition invokes the power of a court of equity, and the right to trial by jury does not accrue. *Id.* at 923[3]. Furthermore, says *Pipes,* inasmuch as equity retains jurisdiction of a cause to give full relief once its power attaches, a right to trial by jury does not accrue merely because an incident of that relief is the award of money damages. *Id.* at 923[4].

*Lee* involved an alleged wrongful foreclosure of a deed of trust. By trial time, the only relief the plaintiff wanted was money damages. 425 S.W.2d at 273. The appellate court held that in order for a judge to award purely legal remedies, such relief must be ancillary to the granting of some substantial equitable relief. *Id.* at 274[3]. Because the entire relief sought was legal relief, the issue was triable by jury. *Id.* at 274–76.

In the instant case, Plaintiff sought cancellation of the deed of release, an equitable remedy. Plaintiff obviously wanted

---

**1.** A holding on an unrelated point in *Duggan* was overruled by *State ex rel. Reser v. Martin,* 576 S.W.2d 289, 290–91 (Mo. banc 1978).

such relief as a threshold step in foreclosing the deed of trust for default in payment of the note. The trial court declared the deed of release null, void and of no legal effect, and cancelled it. Having granted that relief, the trial court was authorized to include an award of money damages in its judgment. *Willman,* 574 S.W.2d at 422[2]; *Metropolitan St. Louis Sewer District v. Zykan,* 495 S.W.2d 643, 658[29] (Mo.1973).

Defendant's point relied on is denied, and the judgment is affirmed.

PREWITT, P.J., and PARRISH, J., concur.