# STATE v. THOMAS HAGERTY.[1]

July 7, 1922.

No. 22,980.

**Insanity of accused at time of trial—investigation by court.**

1. If when a criminal prosecution is called for trial the suggestion is made that the accused at that time is insane and for that reason incapable of intelligently presenting his defense, the court may in some judicial method proceed to inquire into his mental state and determine the question without the intervention of a jury or the appointment of a commission.

**Method of investigation within discretion of court.**

2. The method of procedure, the statutes being silent on the subject, is within the discretion of the trial judge.

**Finding by commission may be disregarded by district court.**

3. Where a person is formally accused of crime and by an examining magistrate committed to jail to await the action of the grand jury, a subsequent finding of insanity by a commission appointed by the probate court of the county is not binding on the district court having jurisdiction of the prosecution and may be wholly disregarded.

**Jurisdiction of district court cannot be divested by commission of probate court.**

4. The jurisdiction of the district court, initiated by the commitment of the accused for action by the grand jury, cannot be thus divested by the probate court.

**Sanity of defendant supported by evidence.**

5. The record presents no reversible error. The evidence sustains the verdict in all respects including the issue of insanity.

Defendant was indicted by the grand jury of Rice county charged with the crime of murder in the first degree, tried in the district court for that county before Childress, J., and a jury which found him guilty as charged in the indictment. From the judgment of conviction, defendant appealed. Affirmed.

[1]Reported in 189 N. W. 411.

*James P. McMahon,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Lucius A. Smith,* County Attorney, for respondent.

BROWN, C. J.

In September, 1921, defendant was arrested and charged with the crime of murder in the first degree. On an examination before a justice of the peace he was formally held to await the action of the grand jury, and for want of bail committed to the common jail of the county for safekeeping. On November 10, 1921, proceedings were commenced before the probate court of the county to inquire into the sanity of defendant. A commission was appointed by the judge of probate which, after due hearing, reported that he was insane and should be committed to the asylum for insane at St. Peter for observation. The report was made and filed on November 14, 1921. On the same day the grand jury reported an indictment against defendant formally charging him with the murder for which he was committed by the examining magistrate; which preceded in point of time, the report of insanity or the indictment does not appear, but that is not a matter of any special importance. Defendant was not in fact committed to the asylum, but remained in the county jail in the custody of the sheriff. Soon after the indictment was returned, on the same day, defendant was arraigned in court and by his counsel interposed a plea of not guilty, being then remanded to jail. A week later, or on November 21, 1921, the cause was called for trial, defendant being present in court, and his counsel then called to the attention of the court the adjudication of insanity rendered by the probate court, and moved for a postponement of the trial until such time as defendant should be restored to sanity, counsel insisting that defendant was mentally deficient and unable to properly understand the court proceedings or intelligently interpose a defense to the charge made against him. The motion was denied. Whereupon counsel for defendant moved for the appointment of a commission to inquire into the mental condition of defendant. That motion was denied. This was followed by an ap-

plication in behalf of defendant for an order certifying the cause to this court to have determined, as we understand the record, the question whether the adjudication of insanity by the probate court was conclusive and binding upon the district court. That motion was also denied. The court thereafter proceeded to determine the question whether defendant was then sane and in mental condition to proceed with the trial. To this there was no objection, other than the previous contention that the adjudication by the probate court was conclusive. After a somewhat careful and full hearing the court found defendant sane and capable of going on with the trial, to which defendant duly excepted. Thereupon the trial proceeded and resulted in a verdict of guilty, and a sentence to prison for life was imposed as required by law; the question of the sanity of defendant at the time the act of murder took place was submitted to the jury and answered to the effect that he was sane. Judgment was entered accordingly and defendant appealed.

The principal questions presented relate to the legal effect and scope of the adjudication by the probate court commission that defendant was insane on November 14, 1921, the day he was indicted by the grand jury; the right of defendant to the appointment of a commission by the district court to determine his sanity at the time of trial, and the refusal of the court to certify the cause to this court, for a determination of the question of the finality of the probate court order of insanity.

1. A careful consideration of the questions, in connection with the trial proceedings, leads to an answer adversely to defendant as to each. Prior to the date of the probate court order defendant had, by the justice of the peace, been committed to the jurisdiction of the district court on the charge of murder. The jurisdiction thus conferred extended to all matters involved and incident to the indictment and trial of the accused, including any question respecting his sanity and mental capacity to intelligently interpose his defense. G. S. 1913, § 9217. The jurisdiction of the district court so acquired could not be divested by any action or proceeding in the inferior probate court. While that court is clothed by statute with the power to adjudicate upon questions of insanity in general, the auth-

ority thus granted does not extend a right to invade the realm of the district court jurisdiction and remove therefrom a person in its custody upon a charge within its authority to hear, try and determine. Neither could the district court be thus deprived of its jurisdiction by the consent of the county attorney to submit an inquiry of the kind to the probate court. The district court perhaps could by its own order surrender jurisdiction to the probate court to determine a question of sanity in a particular case and act thereon in its subsequent proceedings, but cannot be compelled to do so, or to submit to usurpation of authority by that tribunal. The learned trial court was therefore right in ignoring the order of the probate court; it was as to the district court of no force or effect.

2. There was no error in the refusal of the trial court to name a commission, as demanded by defendant, to determine the question of his sanity. Although the statute cited, G. S. 1913, § 9217, confers on the district court authority to commit to an asylum a person under indictment where found insane and incapable of proceeding with the trial, no particular form of procedure is prescribed. In that situation the court may proceed in any judicial way to determine the fact, and is not restricted to any particular form of procedure. The rule is well settled by the authorities. 16 C. J. p. 789. The trial court therefore adopted a proper practice. The evidence taken upon the question, being satisfactory to the trial judge, is ample to sustain the conclusion that defendant was sane at the time of the trial, and capable of presenting his defense to the prosecution.

3. There was no error in the refusal of the court to certify to this court the question as to the effect of the probate order. In fact the court was without authority to do so. G. S. 1913, § 9251, has no application to a question of this character.

4. This disposes of the appeal, for we find in the points challenging the trial proceedings in respect to the insanity inquiry, or on the trial of the indictment, no error of a character to require a new trial. The evidence is practically conclusive that defendant committed the crime charged against him, and the record presents no substantial error in the rulings on evidence or in the instructions or refusals to instruct the jury. The question of the mental con-

dition of defendant at the time the crime was committed was submitted to the jury under very clear and fair instructions and they found that he was then sane.   There being ample evidence, if worthy of belief, a question for the trial court and jury, the verdict of guilty must stand.

Judgment affirmed.