R. H. FINLEY v. CHESTER E. SMITH, Appellant.—No. 38599.—178 S. W. (2d) 326.

Division Two, December 6, 1943.

Motion to Modify Opinion, Rehearing Denied and Motion to Transfer to Banc Overruled in Per Curiam Opinion Filed, March 6, 1944.

*O. H. Swearingen, Thomas M. Brandom* and *Owen C. Rawlings* for appellant.

*J. Francis O'Sullivan, Cowgill & Popham, Sam Mandell* and *Louis J. Rasse* for respondent.

468

BOHLING, C.—This suit springs from injuries sustained by Chester E. Smith, defendant-appellant, when a motor coach in which he was riding collided with an unlighted truck on Highway No. 24 in Lafayette county, Missouri. The object of the original bill of R. H. Finley, plaintiff-respondent, in the instant suit was to enjoin Smith's prosecution of any action against Finley on account of said injuries and thus enforce a covenant by Smith not to sue Finley. The case reaches us upon transfer from the Kansas City Court of Appeals on the ground the amount involved, $50,000, exceeds the jurisdiction of that court. Finley v. Smith (Mo. App.), 170 S. W. 2d 166 and cases cited.

The accident happened February 20, 1937. Defendant was severely injured. He was taken to a hospital, where, on March 4, 1937, he signed and acknowledged a covenant not to sue the Southwestern Greyhound Lines, Inc., R. H. Finley and Richard B. Hayes,* with-

---

*The material provisions of the covenant follow:
"Whereas, the undersigned, Chester E. Smith, . . ., was injured on or about the 20th day of February, 1937, in an automobile accident while a passenger on a certain Southwestern Greyhound Lines bus, driven by one R. F. Hayes . . ., and operated by the Southwestern Greyhound Lines, Inc., and R. H. Finley . . .; and

out prejudicing any rights against others. The consideration was a $700 check issued to defendant and a $700 check issued to the hospital and the doctor; each of which checks was paid.

On July 2, 1941, Smith instituted a tort action in Jackson county, Missouri, against Southwestern Greyhound Lines, Inc., Richard B. Hayes and three others (Joseph Lyons, Joy Shull, and Jack Woodward —charging they negligently parked the truck) for damages on account of his said injuries.

On December 23, 1941, R. H. Finley filed the instant suit in Saline county, Missouri. His original petition narrated the fact of the collision and Smith's claim of damages for injuries sustained; and alleged that Smith had indicated a desire to settle with and release "the alleged operators of the motor coach" and not the owner and operators of the motor truck, and on March 4, 1937 "did release this plaintiff of any and all liability to him on account of said accident and his injuries, and did covenant, under seal, that he would never sue or attach this plaintiff for or on account of any ▓▓▓ claim for damages arising out of the accident above described"; that, upon information, Smith had instituted a tort action against the others named in said covenant and threatened and was about to file a like action against plaintiff, all in breach of said covenant; that plaintiff had no adequate remedy at law, and asked that Smith be "forever prevented and enjoined from maintaining or prosecuting or attempting to maintain or prosecute any action at law in any jurisdiction whatsoever against the plaintiff because of any injuries alleged by defendant [Smith] to have been sustained by him in the" accident involved, coupled with a prayer for general equitable relief.

Smith's amended answer in the Saline county suit was a general denial coupled with pleas putting in issue the validity and effectiveness of the covenant not to sue. Finley's reply was a general denial.

On February 11, 1942, Smith amended his petition in the Jackson county action, joining R. H. Finley as a party defendant. Thereafter, there was filed in the Jackson county action a motion for and

"Whereas, I, the undersigned, desire to compromise and settle any and all claims for damages which I . . . have now or might have hereafter against the said Southwestern Greyhound Lines, Inc., R. H. Finley and/or R. F. Hayes only, . . .;

"Now, therefore, know all men by these presents, that I, Chester E. Smith . . . for myself, . . ., in consideration of . . . do hereby covenant with Southwestern Greyhound Lines, Inc., R. H. Finley and R. F. Hayes that I will never sue or attach them, or either of them, their successors and assigns for or on account of the claim or claims for damages mentioned aforesaid, and that these presents may be pleaded as a defense to any action or other proceeding which may be brought, instituted or taken by me, my heirs, executors, administrators and assigns against the said Southwestern Greyhound Lines, Inc., R. H. Finley and/or R. F. Hayes, their successors or assigns, in breach of this covenant.

" . ..

"Chester E. Smith."

on behalf of Finley to stay said Jackson county proceedings, the gist of which appears hereinafter.

The cause was submitted on May 20, 1942. Finley offered in evidence statements against interest made by Smith in a deposition. They were, among other things, to the effect Smith turned his claim over to the Doctor to settle—Smith thought the Doctor wanted his pay. The Doctor asked Smith if he could get $700 if it would be all right. Smith told him he would leave it to him. The Doctor was not sure he could get the $700, stating he thought it was all Smith could get. He supposed that was the reason he settled. He needed the money.

Finley, at the close of his case, was permitted to amend his bill. Other material facts will be developed in the course of the opinion.

The Chancellor found the facts in favor of Finley, including findings to the following effect: The covenant not to sue was valid and binding. Finley had the right fully to enforce said covenant. Finley might be required to contribute to or fully pay any judgment Smith might recover against Southwestern Greyhound Lines, Inc., or R. B. Hayes in the action pending in Jackson county. Finley was entitled to enjoin the prosecution of said action in Jackson county or any other action arising out of said cause of action as against plaintiff (Finley) and as against Southwestern Greyhound· Lines, Inc., and R. B. Hayes.

The decree was in conformity with said findings.

█ Smith asserts error in decreeing the covenant not to sue valid. Our statement sufficiently indicates the nature of some of the admissions against interest by Smith. According to the record, he was present at the trial but did not take the stand. Even though a different conclusion might be reached with respect to the issue of fraud, a reading of the testimony does not warrant our overturning the findings of the chancellor in this respect.

█ Smith argues that Finley had an adequate remedy at law, pointing out that the covenant not to sue specifically provides: ". . . and that these presents may be pleaded as a defense to any action or other proceeding which may be brought, instituted or taken by me, my heirs, executors, administrators and assigns against the said Southwestern Greyhound Lines, Inc., R. H. Finley and/or R. F. Hayes . . ." Sustaining authority is not cited. Section 934, R. S. 1939, provides, in part: "Whenever a release . . . of the cause of action sued on shall be set up or pleaded in the answer in bar . . ., it shall be permissible in the reply to allege any facts showing or tending to show that said release . . . was fraudulently or wrongfully procured from plaintiff, and the issue or issues thus raised shall be submitted . . . to the jury, and a general verdict or finding upon all the issues, including the issue or issues of fraud so raised, shall be sufficient." Notwithstanding the quoted provisions, equity has exercised its ancient jurisdiction to set aside releases

on account of fraud. Metropolitan Pav. Co. v. Brown-Crummer Inv. Co. (Banc), 309 Mo. 638, 654, 274 S. W. 815, 819[5]; Austin v. Brooklyn Cooperage Co. (Mo. App.), 285 S. W. 1015, 1016[1]; Magnuson v. Continental Casualty Co., 125 Mo. App. 206, 211, 101 S. W. 1125, 1127; Roberts v. Central Lead Co., 95 Mo. App. 581, 596(4), 69 S. W. 630, 634(4) .This, on the theory the statute did not extinguish the jurisdiction of a court of equity in the circumstances, there being no exression of such legislative purpose in the creation of the remedy at law. Woodward v. Woodward, 148 Mo. 241, 246, 49 S. W. 1001, 1002. Appellant has failed to establish error.

Smith contends Finley's injunction proceeding in Saline county may not be maintained because the action in Jackson county was pending at the time of the filing of Finley's bill in Saline county, Section 1665, R. S. 1939, providing: "Proceedings on an injunction to stay a suit . . . shall be had in the county where . . . the suit is pending . . . '' When Finley instituted his suit in Saline county on December 23, 1941, he had not been impleaded with the other defendants in Smith's action pending in Jackson county. He was not made a party thereto until February 11, 1942. Applying the principle of law stressed here by Finley that "the court that first obtains jurisdiction of a cause is vested with jurisdiction over all matters pertaining and germane to it to the exclusion of any and all other courts'' (Miller v. Continental Assur. Co. (Mo. App.), 196 S. W. 448, 450[1]; State ex rel. St. Charles Sav. Bk. v. Hall, 321 Mo. 624, 631, 12 S. W. 2d 91, 94), the circuit court of Saline county obtained prior jurisdiction over that portion of the subject matter not involved in Smith's action pending in Jackson county.

Smith also complains of the portion of the decree enjoining him "from continuing to prosecute said case No. 478,141,'' the action at law for damages pending in Jackson county, or instituting and prosecuting any other action at law for damages arising out of said cause of action against Finley, "or against Southwestern Greyhound Lines, Inc., and R. B. Hayes, plaintiff's coc'ovenantees in said covenant not to sue,'' insofar as it enjoins Smith with respect to said Southwestern Greyhound Lines, Inc , or said R. B. Hayes. This portion of the decree is based upon the specific finding therein that Finley, by reason of "Section 3658, R. S. 1939; or otherwise'' might be required to contribute to or fully pay any judgment in favor of Smith and against the Southwestern Greyhound Lines, Inc., or against R. B. Hayes arising out of Smith's said cause of action.

Without passing upon the right of one in Finley's situation in proper instances to an order of the nature under consideration, we think Smith's point is well taken that the order in this respect is outside the scope of the issues presented. The allegations of Finley's original bill were to the effect Smith threatened to breach the covenant not to sue by an action against him and his prayer was to enjoin

Smith's prosecution of any action against "the plaintiff"—Finley. Enjoining Smith's prosecution of any action against Southwestern Greyhound Lines, Inc., or R. B. Hayes was clearly coram non judice and void under the allegation of Finley's original bill. Wolz v. Venard, 253 Mo. 67, 85(III, a), 161 S. W. 760, 765(III, a) ; Congregation B'Nai Abraham v. Arky, 323 Mo. 776, 788, 789, 20 S. W. 2d 899, 905[7-9] ; Friedel v. Bailey, 329 Mo. 22, 37, 44 S. W. 2d 9, 15[11-15] ; Hecker v. Bleish, 319 Mo. 149, 175(IX), 3 S. W. 2d 1008, 1009 [18-20].

We next consider the effect of the amendment to the bill permitted, over objection and exception, at the close of Finley's case. Said amendment read:

"7. That by reason of the premises aforesaid plaintiff is entitled to have this court declare and decree that the covenant not to sue executed by defendant is a valid and subsisting covenant not to sue and that plaintiff has a right to fully enforce the same as against the defendant.

"Wherefore, Plaintiff prays the court to declare and decree that said covenant not to sue be declared to be a valid and subsisting and fully binding covenant not to sue and that the plaintiff has a right to fully enforce the same as against the defendant." Finley's bill was not changed in other particulars. Notwithstanding the allegations and prayer respecting a declaratory judgment thus interposed, the bill, without more, contained no sufficient allegations disclosing facts warranting a finding that Finley "might be required by reason of Sec. 3658, R. S. 1939, or otherwise," to contribute to or pay a judgment in favor of Smith and against the Southwestern Greyhound Lines, Inc., or against R. B. Hayes. The enjoining of Smith's prosecution of his pending action in Jackson county or any other like action against said Southwestern Greyhound Lines, Inc., or against said R. B. Hayes was not authorized.

■ Other important factors bear on the issue in the instant case. Finley's motion of March 19, 1942, in the Jackson county action to stay said proceeding "as to him [Finley]" until the disposition of the Saline county suit sheds light on the issue. It was in accord with Finley's original bill ■ in the Saline county court; that is, it alleged Smith had settled his claims against "this defendant" and had agreed he would not sue "this defendant"; that he, Finley, had instituted suit in Saline county to enforce said covenant not to sue; that the circuit court of Saline county had "full jurisdiction of the person and subject matter," the Saline county suit having been filed long before "this defendant" was made a party to the Jackson county action; and that the circuit court of Saline county had obtained prior jurisdiction. The circuit court of Jackson county had acquired jurisdiction over defendants Southwestern Greyhound Lines, Inc., and R. B. Hayes. Counsel's opening statement informed the court Finley's suit was to enjoin the Jackson county action "as against Finley."

After the amendment of Finley's bill, the chancellor stating he considered it incompetent and immaterial as to Finley, excluded the joint answer of the Southwestern Greyhound Lines, Inc., and R. B. Hayes in the Jackson county action wherein said defendants pleaded said covenant not to sue in bar of Smith's action for damages.* In view of the amendment (also the findings and decree), the answer also established that the circuit court of Jackson county had acquired jurisdiction over the subject matter, Smith's cause of action and the covenant not to sue so far as the rights of Smith, on the one hand, and the Southwestern Greyhound Lines, Inc., and R. B. Hayes, on the other, were at issue, long prior to the attempt by the amendment to vest the Saline county circuit court with jurisdiction involving matters between Smith and said Southwestern Greyhound Lines, Inc., or R. B. Hayes. Finley's contention has been hereinbefore sustained that since the circuit court of Saline county had first acquired jurisdiction of the subject matter of that suit, the covenant, and Finley and Smith to enjoin Smith's prosecution of any action against Finley, its jurisdiction thereover was not defeated by reason of Smith impleading Finley as a party defendant on February 11, 1942, in the Jackson county action. Applying the same principle, the jurisdiction of the Jackson county circuit court over the inter-party rights of Smith and Southwestern Greyhound Lines, Inc., or R. B. Hayes is not to be encroached upon by the circuit court of Saline county in Finley's suit.

The judgment is reversed and the cause is remanded with direction to modify the decree so as not to affect any right of Smith to prosecute any action against the Southwestern Greyhound Lines, Inc., or R. B. Hayes. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by Bohling, C., is adopted as the opinion of the court. All the judges concur.

On Motions to Modify, for a Rehearing and to Transfer to Banc.

PER CURIAM:—Respondent, Finley, has filed motions to modify, for a rehearing, and to transfer to Banc. The issues presented overlap; for instance, the motion to modify presents issues (also found in the motion for rehearing) which would necessitate a rehearing if sustained, and the motion for rehearing presents issues (also found in the motion to modify) which would require only a modification of the opinion if sustained. We shall consider only the matters deemed essential.

---

*This indicates the Southwestern Greyhound Lines, Inc., and R. B. Hayes were proceeding in accord with their remedy at law. Injunctions to restrain judicial proceedings do not issue as a matter of course; especially where the law court, in a pending action, can do full justice. Consult 32 C. J. p. 112, Sec. 131, p. 114, Sec. 135; 28 Am. Jur. p. 383, Secs. 194-196; Davis v. District Court, 129 Okla. 236, 264 Pac. 176, 57 A. L. R. 72.

We overrule, without discussion, the motion to modify, remarking that statements arguendo in opinions are not holdings (State ex rel. Appel v. Hughes, 351 Mo. 488, 173 S. W. 2d 45, 49[3]), and that the holding involved was in movant's favor.

We have given the several issues presented in the different motions consideration. The decree was sustained insofar as it operated directly in Finley's favor and against Smith. Of this, Finley is in no position to complain. His complaints run against remanding the cause with directions to modify the decree so as not to affect any right of Smith to prosecute an action against Finley's cocovenantees. It is not to be overlooked that Finley's bill was primarily to have the covenant declared valid ▮ and incidentally for injunctive relief as to him. Underlying this position as well as the complaints now presented is Finley's contention that by virtue of the provisions of our Declaratory Judgment act (Secs. 1126-1140, R. S. 1939) he was entitled in any event to a declaration of rights under the covenant not to sue. We have in a number of cases indicated that the Declaratory Judgment act did not supplant coercive actions theretofore available. Liberty Mut. Ins. Co. v. Jones (Banc), 344 Mo. 932, 954[1], 130 S. W. 2d 945, 953[1], 125 A. L. R. 1149. Section 1131, R. S. 1939, explicitly provides: "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." Section 1126, Ibid., provides that courts "shall have power to declare rights" et cetera. These provisions do not compel action. In the instant proceeding a denial of the prayer of Finley's bill would not have terminated "the uncertainty or controversy giving rise to the proceeding." His contention that he was entitled in all events to a declaration under the covenant not to sue begs the issue, is too broad and is not in conformity with observations in adjudicated cases. State ex rel. United States Fire Ins. Co. v. Terte, 351 Mo. 1089, 176 S. W. 2d 25, is a recent opinion by Banc. The United States Fire Insurance Company instituted a declaratory judgment suit in Jackson county with respect to its liability under a fire insurance policy issued to Eva F. Hunt. About two weeks thereafter defendant Hunt instituted a suit on the same policy in Caldwell county and by subsequent proceedings succeeded in having the Jackson county circuit court stay the delaratory proceedings until her action in Caldwell county had been disposed of. Thereupon, the United States Fire Insurance Company, as relator, instituted the above entitled mandamus proceeding to compel respondent circuit judge to take jurisdiction of and to proceed with the declaratory judgment suit. In discussing the question of the scope of the discretion to be exercised by courts in the administration of the Declaratory Judgment act where there is another state action pending or closely in prospect, court en banc held, notwithstanding ordinarily

the second action in point of filing and service of process would be subject to abatement, that Judge Terte had the discretionary power to stay the declaratory judgment suit of the insurer pending the determination of the coercive action subsequently instituted on the same policy by the insured. The court quoted Borchard, Declaratory Judgments (2d Ed.), p. 303: " 'Where a party's action is about to begin or has begun, it serves no sensible end to permit his adversary. to appear as an equitable actor and start the proceedings for an autonomous declaration that he has a good defense to his opponent's pending or imminent action. But where the facts do not show such imminence of suit, or where there is a practical ground for permitting a party . . . to claim and obtain exoneration from a judicial proceeding, there is no reason why the courts should not take cognizance' of a declaratory action covering the same issues." Finley's bill explicitly alleged the pendency of an action by Smith against Finley's cocovenantees and also the impending threat of an action by Smith against Finley. The circuit court of Saline county would have been justified in staying the declaratory proceedings before it, especially upon the showing that Finley had also been made a defendant in Smith's Jackson county action. The circuit court of Saline county overstepped sound discretion when it undertook to usurp jurisdiction theretofore vested in the court of co-ordinate jurisdiction of Jackson county over the subject matter with respect to certain of the parties involved. After the institution of an action for personal injuries and the service of process in a forum fully vested with jurisdiction, the named defendants, nor some third person coincidentally liable, if so, with said defendants, ordinarily should not be permitted to thwart plaintiff's right to a trial by a jury in the forum of his choice and force plaintiff to an adjudication of his rights in a court of equity or to seek relief (perhaps only partial and considered of no practical benefit by plaintiff) before a jury in a different co-ordinate forum. The holding promotes comity and eliminates conflicts between courts of co-ordinate jurisdiction. Finley's argument that because he instituted the Saline county declaratory suit prior to Smith joining him as a party-defendant in the Jackson county coercive action the Saline county circuit court had priority of jurisdiction over Smith and the subject matter refutes the Saline county circuit court's authority to interfere with the subject-matter and parties theretofore subject to the jurisdiction of the Jackson county circuit court. We think plaintiff is entitled to assert whatever ▮▮▮▮ rights he may have to try his Jackson county action insofar as said court first obtained jurisdiction of the subject matter and parties. Milwaukee Gas Specialty Co. v. Mercoid Corp., 104 Fed. 2d 589, 592[6, 7], and cases; Page v. Story, 280 Mich. 43, 273 N. W. 387; Continental Cas. Co. v. National Household Distributors, Inc., 32 Fed. Supp. 849, 851[3]; Jefferson County ex rel. v. Chilton, 236 Ky. 614, 33 S. W. 2d 601, 603[4, 5, 14.]

476

The issues presented by Smith's appeal were defensive and embraced the declaration of the validity of the covenant not to sue and ancillary thereto an injunction staying the alleged threatened breach of the covenant against Finley by Smith. No affirmative declaration in Smith's favor was or is involved. The issues are restricted to the covenant. Matters, mentioned in respondent's motions, occurring subsequent to the execution of the covenant and possibly going to defeat Smith's right to maintain his Jackson county action have naught to do with Finley's right under the judgment being reviewed to have the covenant declared valid, are not here involved and may be, if thought proper, presented in due course in Smith's pending action in Jackson county.

The motion to modify is overruled. The motion for a rehearing is overruled. The motion to transfer to Banc is overruled.