R. H. FINLEY v. CHESTER SMITH, Appellant.—No. 39294.—186 S. W. (2d) 478.

Division Two, April 2, 1945.

*O. H. Swearingen* and *Owen C. Rawlings* for appellant.

*Louis J. Rasse, Maurice J. O'Sullivan, Cowgill & Popham* and *Sam Mandell* for respondent.

WESTHUES, C.—This case was before this court on a former appeal by Smith from a decree of the circuit court of Saline county, Missouri, enjoining him from prosecuting a damage suit against Finley, the plaintiff in this case; The Southwestern Greyhound Lines, Inc., and Richard B. Hayes. This court in an opinion published December 6, 1943, reversed and remanded the case with directions to the trial court to enter a new judgment. See Finley v. Smith, 352 Mo. 465, 178 S. W. (2d) 326. It was there held that the trial court erred in restraining plaintiff from prosecuting his suit against the Southwestern Greyhound Lines, Inc., and Richard B. Hayes. The decree granting relief to Finley as against Smith was held to have been proper and within the jurisdiction of the circuit court of Saline county.

When the case on remand reached the Saline County Circuit Court that court entered a new decree. The defendant, Smith, filed a motion to have the new decree modified by adding certain matters thereto which will be treated later in this opinion. The motion was denied and the defendant appealed. The contention here now is that appellant Smith says the trial court did not follow the mandate of this court. Respondent, Finley, says it did. To understand the issues presented we must briefly relate a history of the case.

Smith was injured while riding as a passenger in a motor coach that collided with an unlighted truck parked on highway Twenty-four in Lafayette county, Missouri. The bus or motor coach in which Smith was riding was driven by Richard B. Hayes of Boonville, Missouri. The owners and operators were Southwestern Greyhound Lines, Inc., and R. H. Finley. On March 9, 1937, Smith, in consideration of the payment to him of a certain sum of money and

payment of his hospital and doctor bills, signed and executed a covenant not to sue Finley, Hayes, or the Greyhound Lines because of the injuries sustained in the collision. Later, on July 2, 1941, Smith filed a suit in the Jackson County Circuit Court to recover damages for the injuries sustained and named the operators of the truck as defendants. Smith also named as defendants the Greyhound Lines and Hayes but did not name Finley. On December 23, 1941, Finley filed suit in the Saline County Circuit Court against Smith to restrain him from filing or prosecuting a suit against Finley on account of the injuries sustained by ▮▮▮ Smith. The covenant signed by Smith was the basis of this action and a declaratory judgment was sought. Thereafter, on February 11, 1942, Smith amended his petition in the Jackson County Circuit Court by joining Finley as a party defendant. The case in Saline county was tried and the court entered a decree enjoining Smith from prosecuting his suit not only as against Finley but also as against the Greyhound Lines and Hayes. This on the theory that "Finley might be required to contribute to or fully pay any judgment Smith might recover against Southwestern Greyhound Lines, Inc., or R. B. Hayes in the action pending in Jackson county." See 352 Mo. 465, 178 S. W. (2d) 326, l. c. 328. It will be noticed that Finley's suit was filed before Smith made him a defendant in the suit pending in Jackson county. Also that Smith's damage suit, as against the Greyhound Lines and Hayes, was filed in Jackson county before Finley's suit was filed in Saline county, Missouri. This was fully discussed in the former opinion. See 352 Mo. 465, 178 S. W. (2d) l. c. 330. This court in that opinion decided that the Saline County Circuit Court acquired jurisdiction of the controversy between Finley and Smith as to the rights under the covenant not to sue; that the circuit court of Jackson county had acquired jurisdiction of all questions raised in the damage suit and the rights under the covenant not to sue as between Smith and the Greyhound Lines and Hayes. It was pointed out that these latter two named defendants had filed an answer in the suit at Jackson county wherein they set forth their claim under the covenant not to sue. This court said:

"Finley's contention has been hereinbefore sustained that since the circuit court of Saline county had first acquired jurisdiction of the subject matter of that suit, the covenant, and Finley and Smith to enjoin Smith's prosecution of any action against Finley, its jurisdiction thereover was not defeated by reason of Smith impleading Finley as a party defendant on February 11, 1942, in the Jackson county action. Applying the same principle, the jurisdiction of the Jackson county circuit court over the inter-party rights of Smith and Southwestern Greyhound Lines, Inc., or R. B. Hayes is not to be encroached upon by the circuit court of Saline county in Finley's suit."

This court was particular in pointing out that the Saline County Circuit Court had no authority to interfere or to adjudicate questions at issue in the suit pending between the plaintiff, Smith, and the originally named defendants in the Jackson county suit. The Saline County Circuit Court in its decree, entered pursuant to our mandate, decided only issues raised by Finley as against Smith under the covenant not to sue. By the decree the defendant Smith was enjoined from prosecuting any suit for damages against Finley arising out of the collision in question. The court found that the covenant not to sue was a valid and binding contract and that no fraud had been practiced upon Smith in its procurement.

In the motion to modify Smith asked the court to amend the decree in two respects. He asked that the finding of the court, that no fraud had been practiced on Smith, be amended by adding thereto the words "by Findley" so that the finding would read, that there was no fraud or deceit practiced upon the defendant Smith in connection with its execution by Finley. This amendment was asked on the theory that the question of whether anyone else practiced a fraud be expressly left open. The decree, as written, does not conflict with the mandate of this court. The controversy was between Finley and Smith and the court had the right to make the finding it did. If the amendment were made then the question could be asked whether anyone else on behalf of Finley and at his instigation had practiced a fraud upon Smith. The idea Smith had in mind in asking the above amendment becomes apparent when we consider the second amendment asked. Smith asked that the decree be amended by adding the following thereto:

"This judgment is not to affect any right of Smith to prosecute any action against the Southwestern Greyhound Lines, Inc., or I. B. Hays, . . ." (Should be R. B. Hayes.)

It was for the Jackson County Circuit Court to decide whether Smith could prosecute his suit in that court against the Greyhound Lines and Hayes notwithstanding the covenant not to sue. This court so advised in the former opinion. Note what was said:

"Applying the same principle, the jurisdiction of the Jackson County Circuit Court over the inter-party rights of Smith and Southwestern Greyhound Lines, Inc., or R. B. Hayes, is not to be encroached upon ▆▆▆ by the circuit court of Saline county in Finley's suit."

That means just what it says. The amendment asked for would be an encroachment. As said in the former opinion, the Greyhound Lines and Hayes must protect their rights in the Jackson county suit and so must Smith assert his rights as against them in that same suit. The circuit court of Saline county was told in the former opinion that it had no jurisdiction to furnish either party ammunition to be used in the Jackson county suit. The court by its decree did not do so and we find that the decree followed the mandate of this

court. The question of what effect this case may have as to the rights of the parties in the Jackson county case is not before us.

The motion to amend was properly overruled and the decree as written is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.