STATE EX REL. ROBERT LAMAR, Prosecuting Attorney for Texas County, Missouri, Relator, v. DAVID E. IMPEY, Judge of the Probate Court for Texas County, Missouri, Respondent, No. 44892—283 S. W. (2d) 480.

Court en Banc, November 14, 1955.

*Robert L. Lamar* for relator, pro se.

438

*David E. Impey,* Judge of Probate Court of Texas County, pro se, and *Hiatt & Covert* for respondent.

[481]   WESTHUES, J.—Relator as Prosecuting Attorney of Texas County, Missouri, filed this proceeding in this court seeking a writ of

prohibition to restrain the respondent David E. Impey, Judge of the Probate Court of Texas County, Missouri, from taking any further action in an insanity case pending in his court. On April 11, 1955, this court issued its preliminary rule in prohibition returnable to the court en banc in 30 days. Respondent judge filed a return on May 6, 1955.

An agreed statement of facts was also filed from which we learn the following: Respondent is the duly elected and qualified Judge of the Probate Court and Ex Officio Judge of the Magistrate Court of Texas County, Missouri. On February 4, 1955, one Arthur H. Horner was charged with the crime of murder in the Magistrate Court presided over by respondent. Horner was ordered held without bail for preliminary hearing set for February 9, 1955. Horner applied for a continuance and the case was set for March 21, 1955. On March 15, 1955, there was filed in the Probate Court presided over by respondent a complaint by one Roy Haney charging in substance that Horner was insane; that Horner did not have sufficient property to support him at a state hospital for the insane; that he was so deranged as "to endanger himself and others." The respondent judge set the hearing on said complaint for March 21, 1955.

On March 16, 1955, relator, as Prosecuting Attorney, with leave, filed a motion asking the Probate Court to dismiss the insanity proceeding and to refuse to take jurisdiction thereof. This motion was overruled; whereupon, the relator filed an application in this court for a writ of prohibition. On April 9, 1955, respondent, as Judge of the Magistrate Court, accorded Horner a preliminary hearing on the murder charge, the result of which was that Horner be held without bail for the Circuit Court of Texas County, Missouri. A transcript of these proceedings was filed in said Circuit Court on April 11, 1955. On April 30, 1955, an information was filed in the Circuit Court charging Horner with murder.

Relator and respondent do not agree as to the nature of the proceedings in the Probate Court. Respondent contends that the insanity proceeding was as provided for by Sections 458.020, 458.060, and 458.070, V.A.M.S. Relator says the proceedings in the Probate Court were under Section 202.807, V.A.M.S. (Pocket Parts, p. 20). See State ex rel. Fuller v. Mullinax, 364 Mo. 858, 269 S.W. (2d) 72, where parts of this statute were held to be unconstitutional. We must resolve this question in favor of relator's contention. There are no allegations in the verified statement filed in the Probate Court calling for any action on the part of the court as provided for by Sections 458.020, 458.060, and 458.070, supra. No mention was made in the verified statement that Horner was incapable of managing his affairs calling for the appointment of a guardian. It was stated in specific terms that Horner had no property and was "so deranged as to endanger himself or others and will be dangerous to the safety of the community by being at large and that he is now being confined or re-

strained, * * *.'' That language is substantially the same as that found in Section 202.807, supra. The objective of the proceeding in the Probate Court was to have Horner placed in some institution where he would not endanger himself or others. We, therefore, hold that the proceeding in the Probate Court was commenced under the provisions of Section 202.807, supra.

We are of the opinion that when the charge of murder was filed against Horner and he was arrested and placed in jail, the State had jurisdiction over the person of Horner. This jurisdiction over the person by the State through its officers having control of criminal prosecutions could not be defeated by any proceeding in the Probate [482] Court on the basis of a verified statement that Horner was insane and should be placed in some state institution. The law pertaining to the prosecution of criminals makes ample provision for such situations. See Sections 545.750, 545.760, 545.770, and 546.510, V.A.M.S. Section 546.510 provides that if a person charged with crime is found to be insane by a jury "an order shall be entered of record by the court that he be sent to a state hospital, designating it,'' and that he be taken to such institution for safe keeping.

In case a defendant becomes insane after arrest and before trial, he may be dealt with in accordance with the provisions of Sections 545.-750, 545.760, and 545.770, supra. The law provides further that if a defendant becomes insane after conviction, he may be sent to an institution provided for such persons. See Section 549.040, V.A.M.S.; State v. Anderson, Mo., 254 S.W. (2d) 638, l.c. 640 (9, 10) ; 23 C.J.S. 231, Section 940.

It is evident that the question of Horner's sanity can be determined in connection with the criminal prosecution. We call attention to the fact that Horner is now being held in custody without bail and; therefore, cannot be dangerous to the public. The law is well settled that the jurisdiction of a court first invoked cannot be defeated by a subsequent proceeding in a court having concurrent jurisdiction of the person or subject matter. 21 C.J.S. 745, Section 492; State ex inf. Goodman ex rel. Crewdson v. Smith, 331 Mo. 211, 53 S.W. (2d) 271; Finley v. Smith, 352 Mo. 465, 178 S.W. (2d) 326, l.c. 329 (2, 3) ; State ex rel. Lipic v. Flynn, 358 Mo. 429, 215 S.W. (2d) 446, l.c. 451 (7) ; State ex rel. Nelson v. Williams, Mo. App., 249 S.W. (2d) 506, l.c. 512 (6-8) (9) ; 22 C.J.S. 186, Section 111; Jackson v. Kaiser, 353 Mo. 919, 185 S.W. (2d) 784.

In State v. Hagerty, 152 Minn. 502, 189 N.W. 411, l.c. 412 (3; 4); the court said: "Prior to the date of the probate court order, defendant had, by the justice of peace, been committed to the jurisdiction of the district court on the charge of murder. The jurisdiction thus conferred extended to all matters involved and incident to the indictment and trial of the accused, including any question respecting his sanity and mental capacity to intelligently interpose his defense. G.S.

1913, Section 9217. The jurisdiction of the district court so acquired could not be divested by any action or proceeding in the probate court.

■ Respondent says that at the time the verified affidavit was filed in the Probate Court, there was no case pending against Horner in the Circuit Court of Texas County, Missouri. We deem that to be immaterial. A criminal prosecution had been commenced against Horner in the Magistrate Court and was then pending. The Magistrate Court had committed Horner to custody without bail. That court had jurisdiction of the person to the exclusion of the Probate Court wherein proceedings were instituted subsequent to the charge filed in the Magistrate Court and after the arrest of Horner. In this State, prosecutions of felonies are by indictment or information. If by information, it is necessary to commence the prosecution by a complaint in a magistrate court where the defendant is given the right to have a preliminary hearing. We hold that when a defendant is arrested his person is in the jurisdiction of the court established to try criminal cases. Respondent cites the case of Quaintance v. Lamb, Iowa, 170 N.W. 398. There a defendant was bound over to await the action of a grand jury. Before he had been indicted, insanity proceedings were instituted and the defendant declared insane and placed in an institution. The court held that the insanity proceeding was valid because it had been filed before the defendant had been indicted. The court, in the course of its opinion, stated a rule which we deem applicable to this case. Note what the court there said, 170 N.W. l.c. 399: "Can it be that after the jurisdiction of the district court has attached, but before the trial of the case has actually begun, the commissioners of insanity can open the jail door, take out the criminal defendant, and dispose of him as they may think best? [483] Surely, this is not the law. It must be that the jurisdiction of the district court attaches at the time of the service of a warrant issued upon an indictment, and that from this time it has control of the person of the defendant, not only for the purpose of the criminal investigation, but for all matters incident thereto."

■ We note that in the case before us Horner had been arrested, charged with murder, and was in jail when the Probate Court proceeding was begun.

It follows that our preliminary rule in prohibition must be made absolute.

It is so ordered. All concur.