STATE OF CONNECTICUT v. JAMES M. DUFFY

| SUPERIOR COURT | NEW HAVEN COUNTY AT NEW HAVEN | FILE No. 12427 |

Memorandum filed March 11, 1963

*Arthur T. Gorman,* state's attorney, and *George R. Tiernan,* assistant state's attorney, for the state.

*William T. Shea,* of Meriden, for the defendant.

PASTORE, J. On or about April 28, 1961, defendant was found guilty by the federal court of a crime against the laws of the United States and was sentenced to a term of two years in the federal correctional institution in Danbury, Connecticut. With credit for good time, it appears that the federal sentence would expire November 23, 1962, and the full term on April 16, 1963. On December 21, 1962, de-

fendant was accused in an information signed by Arthur T. Gorman, state's attorney for the county of New Haven at New Haven, with the violation of the laws of the state of Connecticut: in the first count with escaping from jail on or about March 16, 1961 (General Statutes § 53-159), and in the second count with theft of a motor vehicle on or about February 10, 1961 (§ 53-57). On a bench warrant issued on December 21, 1962, by the Superior Court of the state of Connecticut sitting at New Haven, defendant was arrested on that same date, upon his discharge from federal custody, by a deputy sheriff of the state of Connecticut and placed under bond for his appearance in said Superior Court at New Haven to answer unto said information of the state's attorney.

While confined in said federal correctional institution at Danbury, Connecticut, defendant was notified sometime before May 16, 1961, that a detainer had been lodged against him issuing from the Circuit Court of the state of Connecticut, sixth circuit. This detainer had been filed with the federal authorities sometime before May 16, 1961. Although not clear, it may be assumed that the charges set forth in the detainer of the sixth circuit court were the same as those in the present information of the Superior Court. While in federal detention, defendant made demand upon the prosecutor of said sixth circuit court for a speedy trial upon the charges contained in said detainer, and also wrote to the "justice" of said sixth circuit court to the same effect. There were other communications and efforts made by said defendant to be tried upon the criminal charges connected with the detainer of the sixth circuit court, but these were without avail for various reasons, the validity of which is not before this court for determination under the present motion of defendant.

The instant motion of the defendant is to dismiss the information made by said state's attorney for the reason (1) that the state having failed to furnish defendant with a speedy trial, defendant has been denied his constitutional rights under article first, § 9, of the constitution of the state of Connecticut; (2) that said failure has denied him the right of a speedy trial under the sixth amendment to the constitution of the United States; and (3) that the defendant having, during his confinement in federal custody, directed communications to appropriate authorities in the state to be presented for "any charges lodged against him in the State of Connecticut," the state's failure to so present him violates § 54-139 of the General Statutes, and he is therefore entitled to the dismissal of said information. The grounds of the motion imply the existence of criminal charges which were made against the defendant during his federal detention. Assuming this to be true with reference to the detainer of the sixth circuit court, this is not the fact with reference to the present information of this court, which was issued and served on the defendant upon the date he was discharged from federal detention. There is no evidence, and the court has no knowledge, that during defendant's federal custody any criminal charges issuing from the Superior Court were lodged against defendant.

Defendant contends in his brief that the constitutional right to a speedy trial arises from the existence and the time of an information, not from the time of or fact of arrest. Granting but not deciding either one or both of these premises, there were no criminal charges issuing from this court or from its jurisdiction until December 21, 1962, when he was released from federal custody. The present criminal charges against defendant are upon an original information issued by the Supe-

rior Court, empowered to do so under General Statutes § 54-42. Cf. also *Goddard* v. *State,* 12 Conn. 448, 452. There was no hearing in the sixth circuit court and no determination there binding over said defendant to this court, and the present criminal charges made in the information of the state's attorney are in no sense a continuation of the charges made in relation to the detainer of the sixth circuit court that may have existed during defendant's federal detention.

"Federal and state constitutional provisions generally guaranteeing the accused a speedy trial have been held inapplicable to delay in commencing prosecution and securing an indictment; but under express provisions of statute, the court may be required to discharge the accused or dismiss the proceeding if an indictment or information is not filed within a stated time or number of terms after the accused's arrest or commitment." 22A C.J.S., Criminal Law, § 474, p. 64, p. 65 n.15.65, p. 66 nn.18 & 19, § 467(4), p. 26 nn.54.20 & 54.25; *Harlow* v. *United States,* 301 F.2d 361, 366 (5th Cir.); *Reddick* v. *State,* 219 Md. 95, 99 (1959), denied, 360 U.S. 930. The right of the defendant to a speedy trial guaranteed by article first, § 9, of the constitution of Connecticut did not arise until the instant information was filed on December 21, 1962. Defendant has claimed but not shown that the sixth amendment to the United States constitution, guaranteeing a speedy trial, applies to a state prosecution, but the result is the same when applying to a federal prosecution in the federal court. *Harlow* v. *United States,* supra. The time of the commencement of the prosecution in the instant case is controlled by General Statutes § 54-193. See also 22 C.J.S., Criminal Law, § 223, p. 572 n.85.10; *United States* v. *Harlow,* supra. The present information was filed within the limitation of five

years next after the offense, as required therein. There is no claim that there has been a denial of a speedy trial since the prosecution was commenced under the instant information. There has been no denial of the right of defendant to a speedy trial under article first, § 9, of the constitution of this state.

Section 54-139 of the General Statutes, mentioned in the motion, applies to the case of a person imprisoned in a penal or correctional institution "of this state"; not to one simply located in this state, as was the federal correctional institution at Danbury, Connecticut, which is under control of a separate sovereignty. Defendant urges that this section is expressive of the public policy of this state in such matters. Even so assuming, however, it is significant to note that the provisions of the section apply when "there is pending in this state any untried indictment or information against . . . [a] prisoner," and that nothing in its provisions purports to place a limit upon the time within which the prosecution must be commenced, in the sense of when the indictment should be obtained or the information made, which otherwise falls under the control of the applicable statutes of limitation of the state.

The parties hereto agree that because the United States of America has not qualified as a contracting party under the provisions of chapter 965 of the General Statutes, entitled "Agreement on Detainers," its provisions are not here applicable.

For the foregoing reasons, the motion of defendant to dismiss the information for the reasons stated therein is denied.