STATE of Wyoming, Plaintiff,

v.

Darel Lee CLARK, Defendant.

No. 3243.

Supreme Court of Wyoming.

May 27, 1964.

John F. Raper, Atty. Gen., Richard T. Anderson, Asst. Atty. Gen., for plaintiff.

C. L. Bates, Rawlins, for defendant.

Before PARKER, C. J., and HARNS-BERGER, GRAY, and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

A bill of exceptions pursuant to the provisions of §§ 7–288 to 7–290, W.S.1957, is presented to us to determine whether the District Court of Carbon County correctly dismissed a complaint pending before Justice of the Peace O. E. Castle. The complaint charged Darel Clark with the crime of forgery. The dismissal was made because of the claim of defendant that the State of Wyoming had failed to provide for the speedy trial of such defendant as required by Art. 1, § 10, Wyoming Constitution.

The complaint in question was filed before the justice of peace November 1, 1962 and a warrant was issued thereon to the county sheriff. The accused was not apprehended and could not be because, as it was discovered, he was serving time for another offense in the Arizona State Penitentiary. The sheriff thereupon filed a

"detainer" for Clark with authorities of the Arizona State Penitentiary.

Subsequently, on May 8, 1963, Clark filed an instrument entitled *Motion to Quash Pending Charges for Failure to Prosecute*, with the clerk of the district court. It was on the basis of this motion that the judge of the district court undertook to take jurisdiction of the case, and on November 4, 1963 he entered an order purporting to dismiss the criminal charges against Clark.

Counsel for the accused states with candor, in his brief to us, that it is not known "how or why" the motion of Clark was placed on the district court docket. We confess the same wonderment. However, the pivotal question for our consideration is whether jurisdiction has ever been obtained of the accused.

Article 1, § 10, of the state constitution, provides:

> "In all criminal prosecutions the accused shall have the right * * * to a speedy trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

It is at once apparent, on the face of the foregoing provision, that it applies only to "criminal prosecutions."

■ Jurisdiction of the offense charged and of the person of the accused is a fundamental and indispensable prerequisite to a prosecution. In the absence of jurisdiction over both the offense and the person there is and can be no prosecution. Ex parte Meisner, 30 Cal.App.2d 290, 86 P.2d 124, 125; Dowell v. Maxwell, 174 Ohio St. 289, 189 N.E.2d 95, 96; Green v. State, 230 Ind. 400, 103 N.E.2d 429, 430, certiorari denied 343 U.S. 987, 72 S.Ct. 1084, 96 L.Ed. 1374. See also 22 C.J.S. Criminal Law § 108, pp. 299–300; and 14 Am.Jur., Courts, § 160, p. 363.

■ It was stated in In re Morgan, D.C.Iowa, 80 F.Supp. 810, 818–819, that an arrest of an accused is the first step in, and an integral part of, the process of bringing such person before one of the courts of a sovereignty, and when an arrest has been made for such a purpose the jurisdiction of the particular court is then invoked. For other cases to the same effect see State ex rel. Schwanke v. Utecht, 233 Minn. 434, 47 N.W.2d 99, 101–102; State ex rel. Lamar v. Impey, 365 Mo. 437, 283 S.W.2d 480, 482–483; People ex rel. Mertig v. Johnston, 186 Misc. 1041, 62 N.Y.S.2d 429, 432.

■ As far as this state is concerned, it has been made clear in Caldwell v. State, 12 Wyo. 206, 74 P. 496, 497, that a court, after the filing of a complaint and the issuance of a warrant, can acquire no jurisdiction further to proceed with prosecution in a criminal case until the party-defendant is brought before it. We are, in the matter before us, shown no reason for departing from this long-established concept.

■ The rule generally followed with respect to jurisdiction over the person in criminal cases is also well stated in Burns. v. Municipal Court of Los Angeles Judicial District, 195 Cal.App.2d 596, 16 Cal.Rptr. 64, 67–68. It is to the effect that jurisdiction over a person in criminal cases is obtained by arrest or by the physical presence of a defendant before a court, regardless of how that presence is obtained. Clark, in the instant case, was never arrested and was never before Justice of the Peace Castle nor before the District Court of Carbon County.

■ Therefore, Wyoming has never as yet had jurisdiction of the person of the accused, and consequently no criminal prosecution of such accused has as yet been initiated to the point that the constitutional guarantee of a speedy trial could begin to apply. See State v. Duffy, 24 Conn. Sup. 308, 190 A.2d 243, 245. In that connection it is interesting to note that the same constitutional provision under which Clark claims the right to a speedy trial also guarantees to him the right to "defend in person." See also § 7–229, W.S.1957, for a further guarantee of the same right.

Obviously, the accused could not have been tried in his absence, and it would be an absurdity to say he has been denied a speedy trial when he could not be tried.

■ This brings us to the statement of a further general rule which operates against Clark's contention. It is that an accused cannot take advantage of the delay occasioned by his evading arrest and becoming a fugitive from justice, by escaping from the state and committing another offense for which he has been placed in the custody of the prison system of another sovereign.

The following cases support such a rule: State v. Larkin, 256 Minn. 314, 98 N.W.2d 70, 71; In re Norman's Petition, Del., 184 A.2d 601, 602; Cunningham v. State, Del., 188 A.2d 359, 360; Commonwealth v. Harmon, 21 Pa.Dist. & Co.R.2d 251, 252; State v. Duffy, supra, 190 A.2d at 246. See McCary v. State of Kansas, 10 Cir., 281 F.2d 185, 187, certiorari denied 364 U.S. 850, 81 S.Ct. 94, 5 L.Ed.2d 73. See also 22A C.J.S. Criminal Law § 471, p. 48, and § 472(2), p. 59.

Counsel for defendant has cited us to no authority holding contrary to the views we have expressed. He does, however, suggest the possible pertinency of a case where a prisoner in another state made a demand to be brought to the state where charges had been made, for trial, and it was said request for extradition should have been made. He also refers to another case where the decision was based upon the fact that a prisoner in federal custody could have been produced in state court on request.

As nearly as we can tell, all of the authority cited on behalf of Clark deals with circumstances where the accused could be tried. None of these special circumstances were present in the case we are concerned with. Clark did not demand to be tried, and he could not at any time be tried. Thus, we are led to the conclusion that the order of the district court, which purports to dismiss criminal charges against Clark, was erroneous.

Exceptions sustained.