STATE OF CONNECTICUT *v.* ROBERT F. KELLEY

CIRCUIT COURT                    ELEVENTH CIRCUIT
                                 FILE No. MV 11-7540

Memorandum filed June 8, 1964

*Philip M. Dwyer,* prosecuting attorney, and *James N. Oliver, Jr.,* assistant prosecuting attorney, for the state.

*Irwin I. Krug,* of Willimantic, *Harold W. Garrity* and *Jerome I. Walsh,* of Manchester, for the defendant.

Holden, J. The defendant was involved in a fatal accident on November 12, 1963. On November 13, 1963, he appeared before Bernard J. Ackerman, coroner for Tolland County, at an inquest and appeared thereafter on each day of the inquest. On November 19, 1963, he was placed under arrest by virtue of a warrant issued by Ackerman and posted bail, with surety, in the amount of $1000. The coroner made and filed his finding on December 18, 1963. A transcript of the stenographic notes of the inquest was filed on January 9, 1964, and a transcript of a tape recording was filed on April 9, 1964. The state's attorney for Tolland County has

instituted no proceedings against the defendant. On March 16, 1964, a file concerning the defendant was returned to the state police department to bring to the prosecutor of the eleventh circuit. On May 11, 1964, the defendant was notified of the existence of a warrant for his arrest, and he appeared at the court on May 12, 1964, but was not presented. On June 2, 1964, he was arraigned before this court.

At the arraignment, the defendant pleaded orally to the jurisdiction and filed a written motion to dismiss the information. Since the facts in each instance are substantially similar, both motions are considered in this memorandum.

## I

Lack of jurisdiction may be raised at any time and not necessarily through the formality of a motion to erase, for the question must be disposed of, no matter in what form it is presented. *Bardes* v. *Zoning Board,* 141 Conn. 317, 318; *Watson* v. *Howard,* 138 Conn. 464, 467; *Olmstead's Appeal,* 43 Conn. 110, 114. The basis of the defendant's plea is that the coroner's warrant was the commencement of a criminal process; that under the provisions of § 6-70 of the General Statutes as amended, bail furnished by the defendant was conditioned upon his appearance in the Superior Court for Tolland County; that the entire process created a criminal case in the Superior Court for Tolland County which has not yet been determined; and that, until such matter be determined, the Circuit Court has no jurisdiction over the party or the subject matter.

The coroner is a public officer appointed by the judges of the Superior Court. General Statutes § 6-50. He is charged with the duty, under certain circumstances, of making all proper inquiry respect-

ing the cause and manner of death. § 6-57. In so doing, he is a judicial officer. *Daly* v. *Dimock*, 55 Conn. 579, 588. Within the limits of his statutory powers, he functions as a committing magistrate. *State* v. *Buteau*, 136 Conn. 113, 122. It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. *Heiser* v. *Morgan Guaranty Trust Co.*, 150 Conn. 563, 565. The power of the coroner is prescribed by statute. § 6-70. For the limited "purpose of securing evidence," he may, among other things, (1) compel the attendance of witnesses, (2) keep witnesses separate, (3) punish for contempt, (4) order the arrest of a suspect, and (5) take bail from such arrested suspect conditioned upon his appearance "before the superior court for such county at its next criminal session." The statute adds: "In no case shall any person be kept under arrest by an order from a coroner for a longer time than twenty-four hours after the finding . . . by the [coroner's] jury or after the finding by the coroner in such inquest . . . ."

Acting under this power, Ackerman ordered the arrest of the defendant. The warrant reads, in part: "Said Coroner has ordered and does order that said Robert F. Kelley be forthwith arrested . . . until the expiration of the twenty-four hours from and after the finding of said Coroner in and upon said inquest or until he shall be otherwise released or discharged by order of said Coroner and in due course of law." The words of the warrant are restrictive, and the length of the term of arrest is stated in the warrant. The finding of the coroner was made and filed on December 18, 1963. Twenty-four hours thereafter, the coroner's warrant expired. It is a warrant of arrest for a limited pur-

pose and not a document calculated to commence
a criminal action in the Superior Court or in any
other forum. The coroner has no power to initiate
criminal cases. His duties in an individual case are
ended upon the filing with the clerk of the Superior
Court the documents listed in the statute. § 6-64.

Section 6-70 requires that "[w]hen bail is taken,
it shall be to the state and shall be conditioned for
the appearance of the person so arrested before the
superior court for such county at its next criminal
session." The defendant claims that this specific
direction creates a criminal case in the Superior
Court for Tolland County. Whether it would do so
or not, had the statute been followed, becomes aca-
demic here, for the bail bond, executed by the defend-
ant with surety on November 19, 1963, was condi-
tioned upon the defendant's appearance "before
the criminal term of the Circuit Court to be held
at Willimantic." Such terms of bail are beyond
the statutory power of the coroner to determine.
The bail bond was void ab initio. No practice can
control the explicit provisions of a statute. *State
v. Springer,* 149 Conn. 244, 251. Whether properly
executed or not, the bond was released, by its terms
and by the provisions of § 6-70, twenty-four hours
after the finding by the coroner. In this case, the
bond became inoperative twenty-four hours after
the filing of the finding on December 18, 1963.

The prosecuting attorney of the eleventh circuit
has informed against this defendant, charging him
with the commission of a misdemeanor. The Statute
of Limitations has not expired. This information
is the only criminal prosecution presently pending
against the defendant. It is a rule essential to the
efficient administration of justice that when a court
is invested with jurisdiction over the subject matter
upon which it assumes to act and regularly obtains

jurisdiction of the person, it becomes its right and duty to determine every question which may arise in the cause. *Amato* v. *Erskine*, 100 Conn. 497, 499. Such jurisdiction this court has in this case. For the reasons above stated, the plea to the jurisdiction is overruled.

## II

The defendant moves to dismiss the information on the ground that he has not been accorded a speedy trial.

So important a matter as dismissing a complaint or information because of undue delay in bringing the case on for trial calls for the exercise of extreme caution. The defendant's right to a speedy trial is not absolute and unyielding regardless of the circumstances of the delay. The state's right to effective enforcement of the criminal law requires that allowance be made for a reasonable accommodation to the pressures and needs of those charged with administering the law. *State* v. *Saunders,* 2 Conn. Cir. Ct. 207, 211. Federal and state constitutional provisions generally guaranteeing a speedy trial have been held inapplicable to delay in commencing prosecution. *State* v. *Duffy,* 24 Conn. Sup. 308, 312. Whether an accused has been deprived of his constitutional right to a speedy trial depends upon the facts in the particular case. *State* v. *Holloway,* 147 Conn. 22, 25.

The prosecuting attorney gained possession of the file concerning the defendant on March 16, 1964. No process was issued against the defendant until May 11, 1964, which process was not implemented. He was presented in court for the first time on June 2, 1964. Whatever administrative clouds may have hovered over the defendant owing to the action or inaction of his employers cannot be charged to

the prosecuting attorney of this court. The defendant has not been denied his constitutional right to a speedy trial.

For the reasons above stated, the defendant's motion to dismiss the information is denied.